IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| LISA M. PULSIFER,<br><br>    Plaintiff,<br><br> v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br><br>    Defendant. | Court No. 1:14-cv-00138-PMW<br><br><br>**MEMORANDUM DECISION**<br><br><br>Magistrate Judge Paul M. Warner |

  Having considered the parties' briefs and oral argument, the court hereby AFFIRMS the final decision of Defendant, the Acting Commissioner of Social Security, denying Plaintiff's application for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act.

**STANDARD OF REVIEW**

  The court is limited to considering whether the Commissioner's decision is supported by substantial evidence and whether the administrative law judge (the "ALJ") applied the correct legal standards. *See* 42 U.S.C. § 405(g); *Richardson v. Perales,* 402 U.S. 389, 390, 401 (1971); *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). Substantial evidence means "more than a mere scintilla," or such evidence as a "reasonable mind might accept as adequate to support a conclusion." *Perales*, 402 U.S. at 401. The court must not re-weigh the evidence, nor may it substitute its judgment for that of the ALJ. *See Lax*, 489 F.3d at 1084. Where the evidence as a whole supports the ALJ's decision, the ALJ's decision must be affirmed, regardless of whether the court would have reached a different result had the court been considering the matter de

novo. *See Ellison v. Sullivan*, 929 F.2d 534, 536 (10th Cir. 1990). In reviewing an ALJ's decision, the court "should, indeed must, exercise common sense" and "cannot insist on technical perfection." *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1166 (10th Cir. 2012).

## DISCUSSION

Plaintiff presents four challenges to the decision of the ALJ denying her applications for disability benefits. First, she argues that the ALJ should not have discounted the opinions of her treating physician Dr. Weeks. Second, Plaintiff argues that the ALJ's assessment of her residual functional capacity ("RFC") was flawed. Third, she argues that the ALJ erred by not asking the vocational expert whether her testimony was consistent with the Dictionary of Occupational Titles (DOT). Finally, Plaintiff claims that her due process rights were violated because one "Raul Pardo" signed her decision for the ALJ who reviewed her evidence, oversaw the hearing, and wrote the decision. The court finds none of these arguments persuasive.

First, the court finds that the ALJ did not err in according Dr. Weeks's opinions little weight, despite his being a treating physician. A plaintiff's treating physician is only entitled to controlling weight if is is well supported by the medical evidence and "not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(c)(2). Here, the ALJ reasonably found that Dr. Weeks's opinions were inconsistent with other substantial evidence of record. The ALJ reasonably noted that in two of his letters Dr. Weeks opined that Plaintiff's chronic pain prevented her from working, which is an issue reserved to the Commissioner. *See* 20 C.F.R. § 404.1527(d)(1)-(3); *Cowan v. Astrue*, 552 F.3d 1182, 1189 (10th Cir. 2008).

The ALJ also reasonably considered the fact that, although Plaintiff had received treatment from Dr. Weeks since 2004, his examination notes failed to support his opinion.

*See* 20 C.F.R. § 404.1527(c)(3); *Castellano v. Sec'y of Health & Human Servs.*, 26 F.3d 1027, 1029 (10th Cir. 1994). Dr. Weeks generally failed to record any actual musculoskeletal findings, and instead wrote that Plaintiff's musculoskeletal system was "unchanged." And in the few physical examinations that Dr. Weeks did perform, he documented normal or only minimally abnormal findings. Based upon the lack of supporting evidence, the ALJ reasonably inferred that Dr. Weeks's opinion was based upon Plaintiff's subjective complaints. Given this evidence, the ALJ reasonably found that Dr. Weeks's opinions were entitled to only little weight.

Second, the court finds no error in the ALJ's assessment of Plaintiff's RFC. The ALJ articulated sufficient reasoning for her determination, and that determination was supported by substantial evidence. To the extent Plaintiff challenges the ALJ's consideration of her subjective symptoms (i.e., her "credibility"), the court finds that the ALJ reasonably discounted Plaintiff's subjective complaints.

Third, although the court finds that the ALJ did err by not asking the vocational expert whether her testimony was consistent with the Dictionary of Occupational Titles (DOT), the error was harmless. *See* Social Security Ruling 00-4p, 2000 WL 1898704, at *4; *Poppa v. Astrue*, 569 F.3d 1167, 1173 (10th Cir. 2009). The court finds no unresolved conflict between the vocational expert's testimony and the DOT descriptions insofar as Plaintiff required a sit/stand option and limited overhead reaching. *See Segovia v. Astrue*, 226 F. App'x 801, 804 (10th Cir. 2007) (unpublished); *Anderson v. Colvin*, No. 2:13-CV-108, 2014 WL 1255318, at *9 (D. Utah Mar. 26, 2014) (unpublished) (citations omitted); *Johns v. Colvin*, No. 1:12-CV-254-EJF, 2014 WL 897030, at *12 (D. Utah Mar. 6, 2014) (unpublished) (citations omitted). To the extent that any conflict existed with regard to the issue of general educational

development ("GED") reasoning levels—an issue the court need not decide in reaching its decision here—the failure to resolve that conflict was harmless because it did not affect Plaintiff's ability to perform at least one of the three jobs identified by the vocational expert. *See Raymond v. Astrue*, 621 F.3d 1269, 1274 (10th Cir. 2009).

Fourth, the court rejects Plaintiff's argument that due process rights were violated by Judge Pardo's signing the decision on behalf of Judge Van Vleck. Judge Van Vleck conducted the hearing and drafted the decision. In her brief absence, she authorized Judge Pardo to sign that decision on her behalf. It is clear from the record that Judge Pardo signed "for" Judge Van Vleck, which the court construes as merely a ministerial act connoting no legal significance. i.e., it is tantamount to Judge Van Vleck personally signing the decision. In addition, Plaintiff fails to establish any prejudice suffered as a result of Judge Pardo signing for Judge Van Vleck. *See Mays v. Colvin*, 739 F.3d 569, 572-74 (10th Cir. 2014).

The court concludes that the ALJ's decision in this matter is supported by substantial evidence in the record and that the correct legal standards were applied. Accordingly, Plaintiff's arguments fail as a matter of law, and IT IS HEREBY ORDERED that the Commissioner's decision in this case is AFFIRMED. The Clerk of Court is directed to close the case.

Dated this 3rd day of August, 2016.

PAUL M. WARNER
United States Magistrate Judge